UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS DUDNEY, | ) | CV F   04-5275 AWI DLB HC |
|          Petitioner, | ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | [Doc. 1] |
| E.S. ALAMEIDA, JR., et al., | ) | |
|          Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

Petitioner is in custody pursuant to a conviction in the Merced County Superior Court for felony evasion of officers and car theft. (CT 322-331.) The judgment on February 16, 2001, imposed a sentence of thirty-two months in state prison, calculated on the "three strikes" recidivist sentencing law because of Petitioner's 1974 conviction for assault with a deadly weapon. (CT 322-331.)

On September 18, 2001, Petitioner appealed his conviction to the Court of Appeal, Fifth Appellate District. On November 26, 2002, the Court of Appeal affirmed the conviction. (Respondent's Exhibit C, attached to Answer.)

On January 3, 2003, Petitioner filed a petition for review in the California Supreme Court, which was denied on February 11, 2003. (Exhibits D & E.)

1    On February 6, 2003, Petitioner filed a petition for writ of habeas corpus, which was
denied on September 17, 2003.  (Exhibits F & G.)

   Petitioner filed the instant petition for writ of habeas corpus on February 8, 2004.
Respondent filed an answer on October 25, 2004, and Petitioner filed a traverse on January 24,
2005.

### STATEMENT OF FACTS[1]

   While driving a stolen Thunderbird, Petitioner evaded officers in a chase which
proceeded from Merced to Livingston at speeds which exceeded a hundred miles per hour.
When stopped, he misidentified himself, providing the name of a state prison inmate, and was in
possession of ammunition.  Within hours of the stop, officers found a stolen Llama nine
millimeter firearm along the path of the pursuit.  (CT 43-76.)

### DISCUSSION

A.   Jurisdiction

   Relief by way of a petition for writ of habeas corpus extends to a person in custody
pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws
or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,
529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered
violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises
out of the Merced County Superior Court, which is located within the jurisdiction of this Court.
28 U.S.C. § 2254(a); 2241(d).

   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.
1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting
Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.
1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

---

[1] As Respondent submits, because Petitioner's claims involve only legal issues, the facts underlying his current offense need only be briefly addressed and are taken from the transcript of the preliminary hearing.

2

1  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant
2  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.
3  B.       Standard of Review
4       This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
5  custody pursuant to the judgment of a State court only on the ground that he is in custody in
6  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
7       The AEDPA altered the standard of review that a federal habeas court must apply with
8  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
9  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus
10 will not be granted unless the adjudication of the claim "resulted in a decision that was contrary
11 to, or involved an unreasonable application of, clearly established Federal law, as determined by
12 the Supreme Court of the United States;" or "resulted in a decision that was based on an
13 unreasonable determination of the facts in light of the evidence presented in the State Court
14 proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of
15 the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.
16 Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply
17 because that court concludes in its independent judgment that the relevant state-court decision
18 applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations
19 omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).
20      While habeas corpus relief is an important instrument to assure that individuals are
21 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392
22 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a
23 criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
24 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's
25 factual determinations must be presumed correct, and the federal court must accept all factual
26 findings made by the state court unless the petitioner can rebut "the presumption of correctness
27 by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115
28 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

110 F.3d 1380, 1388 (9th Cir. 1997).

C.     <u>Due Process - Use of Prior Conviction</u>

Petitioner contends that the trial court denied his right to due process by enhancing his current sentence by the use of his prior conviction as a "strike." As Respondent submits, Petitioner claim in essence is that his 1974 plea agreement to delete the weapons use enhancements was breached by the sentencing court's 2001 consideration of the 1974 preliminary hearing transcript in finding that the prior conviction for assault with a deadly weapon constituted a strike, for purposes of the three strikes recidivist statute.

In his 1974 strike prior, Petitioner was charged by information in the Tulare County Superior Court with assault with a deadly weapon upon Jimmie Cox on or about December 7, 1973, a violation of California Penal Code section 245. In addition, the information specifically alleged as follows, "At the time of the commission of the above stated offense, defendant was armed with and used a firearm to wit: a pistol." (CT 183.)

After discussions in a settlement conference on February 7, 1974, Petitioner entered a plea of guilty to assault with a deadly weapon as charged; however, the additional paragraph for sentencing enhancement purposes, that Petitioner was "armed with and used a firearm, to wit, a pistol" was stricken. (CT 183-185.)

In the instant offense, Petitioner's 1974 conviction for assault with a deadly weapon was alleged, for purposes of the "Three Strikes" law. On October 17, 2000, pursuant to a negotiated disposition, Petitioner entered a plea consistent with the terms set forth on the record on April 12, 2000. One condition of the plea was that the court would conduct a trial on the truth of Petitioner's 1974 felony conviction for assault with a deadly weapon. (CT 141, 294-304.)

To the extent that Petitioner argues that the alleged breach renders his current sentence unconstitutional, his claim must fail. When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled. <u>Santobello v. New York</u>, 404 U.S. 257, 22 (1971). Here, there is no indication that any promise *not* to use the 1974 conviction was made during the plea negotiations, nor does Petitioner make any such allegation. Although Petitioner claims that

the enhancement allegation was stricken pursuant to the plea bargain, it in no way follows that a future court determination for purposes of the three strikes law, cannot use the factual basis in determining whether the prior is a strike offense. Accordingly, as there is no basis for finding that such a promise was included in the 1974 plea agreement, the agreement was not violated by virtue of the current enhancement. Moreover, the sentence imposed under Three Strikes is not additional punishment for the prior convictions, but rather a stiffened penalty for the latest crimes. See Monge v. California, 524 U.S. 721, 728 (1998).

To the extent that Petitioner alleges that he had no knowledge at the time of his 1974 plea of the possibility that it could later be used to enhance a sentence, his claim must also fail. Due process requires that a defendant be informed of all the *direct* consequences of a guilty plea. Brady v. United States, 397 U.S. 742, 749 (1970). There is no due process violation where a trial court fails to inform the defendant of *collateral* consequences, such as the potential for enhancement in the future. United States v. Garrett, 680 F.2d 64, 65-66 (9th Cir. 1982). Thus, Petitioner's lack of knowledge that the 1974 conviction could later be used to enhance a future sentence does not violate due process.

Based on the foregoing, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

D.      Double Jeopardy Claim

Petitioner contends that he was denied due process by use of his 1974 conviction for assault with a deadly weapon as a strike, including the weapons use enhancement stricken in his plea, thereby placing him in double jeopardy.

The U.S. Supreme Court has held double jeopardy implications inapplicable to sentencing proceedings because the determinations at issue doe not place a defendant in jeopardy for an offense. Monge v. California, 524 U.S. 721, 726, 118 S.Ct. 2246, 2249 (1998) (*citing* Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927 (1994) (noting that repeat-offender laws "'penaliz[e] only the last offense committed by the defendant'")). The U.S. Supreme Court has held that recidivist statutes do not violate double jeopardy because "the enhanced punishment imposed for the [present] offense 'is not to be viewed as ... [an] additional

penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Witte v. United States, 515 U.S. 389, 400, 115 S.Ct. 2199 (1995) (*quoting* Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256 (1948)); see, also, Moore v. Missouri, 159 U.S. 673, 677, 16 S.Ct. 179 (1895) (under recidivist statute, "the accused is not again punished for the first offence" because "'the punishment is for the last offense committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself'").

Here, as Respondent submits, and the state court emphasized, Petitioner had not entered a plea of guilty to a "simple assault," noting that the plea was to "assault with a deadly weapon." (Respondent's Exhibit C, at 4.)  The dismissal of the special allegation did not negate the validity of the conviction for assault with a deadly weapon.  The record of the prior conviction was a proper source, the court found, for determining whether the Petitioner had personally used the deadly weapon.  As the Court of Appeal noted the sentencing court could "look beyond the four corners of a prior judgment to determine the substantive facts involved in the prior offense, even when an enhancement based upon the alleged facts relating to the prior offense was stricken under a plea bargain." (Respondent's Exhibit C, at 3.)

The double jeopardy and due process clauses prevent the state from (1) retrying final verdicts of guilt or innocence (including lesser included and greater inclusive offenses), (2) exacting multiple punishments for the same offense, and (3) relitigating for criminal purposes any facts finally resolved in defendant's favor in a prior criminal proceeding (the "collateral estoppel" rule).  United States v. DiFrancesco, 449 U.S. 117, 127-128 (1980); Illinois v. Vitale, 447 U.S. 410, 415 (1980); Ashe v. Swenson, 397 U.S. 436, 443-446 (1970).

However, this prohibition against double jeopardy does not apply to noncapital sentencing.  Monge v. California, 524 U.S. at 734.  As Respondent submits, if retrial of prior convictions is not barred by double jeopardy considerations, the consideration of a court record to determine the underlying facts for recidivist sentencing purposes would not violate that prohibition.  Accordingly, Petitioner's claim is without merit.

1     To the extent Petitioner argues that he has a Sixth Amendment right to have a jury trial
2 determination on the truth of the firearm enhancement under <u>Apprendi v. New Jersey</u>, 530 U.S.
3 466, 490 (2000), as stated by the Court of Appeal, it is without merit.  As the Court of Appeal
4 observed:

> The court in *Apprendi* carved out facts relating to prior convictions as an exception to *Apprendi's* holding that the jury must decide any fact which, if true would increase the defendant's sentence for the charged crime.

7 (Respondent's Exhibit C, at 3-4.)

8     The state court's reading of <u>Apprendi</u> is an objectively reasonable application of that
9 decision.  Thus, Petitioner's claim is without merit.

10    To the extent Petitioner contends that the doctrines of res judicata and collateral estoppel
11 barred the sentencing court from determining that the prior conviction constituted a strike
12 because he used a deadly weapon, it is without merit.  First, res judicata and collateral estoppel
13 do not apply to habeas proceedings. See, e.g., <u>Clifton v. Attorney General</u>, 997 F.2d 660, 663 n. 3
14 (9th Cir.1993); <u>Burnside v. White</u>, 760 F.2d 217, 219 (8th Cir.1985) ("While a plaintiff in a §
15 1983 action may, in a proper case, be bound by a determination on the merits by another court, a
16 decision in another case is not res judicata as to a habeas proceeding.") (*quotations and citation*
17 *omitted*); <u>Hardwick v. Doolittle</u>, 558 F.2d 292, 295 (5th Cir.1977) ("[T]he doctrines of res
18 judicata and collateral estoppel are not applicable in habeas proceedings.").   Second, there was
19 no previous determination that Petitioner utilized a deadly weapon during the assault, rather it
20 was the plea agreement that struck the weapon enhancement.  Subsequently, for purposes of
21 determining whether the prior assault conviction constituted a strike within the Three Strikes law,
22 the Court can look to the prior actions and transcript to make that determination.  See <u>People v.</u>
23 <u>Visciotti</u>, 2 Cal.4th 1, 68 n.36(1992); <u>People v. Shirley</u>, 18 Cal.App.4th 40, 47 [fact that
24 enhancement for personal infliction of great bodily injury was stricken in prior proceeding did
25 not preclude a finding that prior was serious felony based on personal infliction of great bodily
26 injury]; <u>People v. Leslie</u>, 47 Cal.App.4th 198, 204 (1996) [although serious felony enhancement
27 was stricken in prior case, sentencing court free to look at record and conclude prior was a
28 serious felony because the defendant personally used a firearm]; <u>People v. Blackburn</u>, 72

1 | Cal.App.4th 1520, 1527 (1999) [court may look to see if there was personal use of firearm, even though personal use enhancement allegation was struck in prior trial].

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 26, 2005**                     **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE