# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DUDNEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>E.S. ALAMEIDA, JR., et al.,<br><br>　　　　　Respondents.<br>_____/ | CV F  04-5275 AWI DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 20] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On September 26, 2005, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED.   This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

　　　　On December 1, 2005, Petitioner filed timely objections to the Findings and Recommendation.

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

　　　　In his objections, Petitioner continues to argue that because the arming enhancement was

1

1  stricken from his 1974 plea agreement to a violation of California Penal Code section 245(a), it
2  could not be considered for purposes of imposing a sentencing enhancement pursuant to
3  California's Three Strikes law.  Petitioner is mistaken.  Although the weapons enhancement was
4  stricken pursuant to the plea bargain, in the instant offense Petitioner pled guilty on the condition
5  that the trial court would conduct a trial on the 1974 assault conviction for purposes of
6  sentencing under the California's Three Strikes law.  Petitioner's due process rights were
7  adequately protected by the state court trial on the facts underlying Petitioner's prior 1974 assault
8  conviction.  Further, as stated in the Findings and Recommendations, under California law the
9  trial court is free to look to the documents and transcripts underlying the prior conviction to
10 determine whether it qualifies as a strike for purposes of California's Three Strikes law.  <u>People</u>
11 <u>v. Rodriguez</u>, 17 Cal.4th 253, 261-262 (1998), superseded on other grounds in <u>People v. Luna</u>,
12 113 Cal.App.4th 395 (2003) (finding reliance on abstract of judgment alone insufficient evidence
13 to prove prior conviction).  Additionally, in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) the
14 Supreme Court reaffirmed its holding in <u>Apprendi</u>, which held that "any fact [other than a the
15 fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory
16 maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Blakely</u>, 542
17 U.S. at 341; <u>Apprendi v. New Jersey</u>, 506 U.S. 466, 488-490 (2000).  Thus, prior convictions
18 were specifically excluded from having to be tried before a jury.    Petitioner's objections present
19 no grounds for questioning the Magistrate Judge's analysis.
20        Accordingly, IT IS HEREBY ORDERED that:
21        1.    The Findings and Recommendation issued September 26, 2005, is ADOPTED IN
22              FULL;
23        2.    The Petition for Writ of Habeas Corpus is DENIED; and
24        3.    The Clerk of Court is directed to enter judgment in favor of Respondent.
25
26 IT IS SO ORDERED.
27 **Dated:    February 14, 2006**              /s/ Anthony W. Ishii
   0m8i78                                   UNITED STATES DISTRICT JUDGE
28

2